13 CIV 4139

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
:
MELVYN I. WEISS,                      :      Civil Action No. :_____
                                      :
                Plaintiff,            :
                                      :
      -vs.-                           :
                                      :      COMPLAINT
                                      :
B. TUCKEY DEVLIN and DEVLIN           :      Jury Demand
DEVELOPMENT, INC.,                    :
                                      :
                Defendants.           :
                                      :
_____x

Plaintiff Melvyn I. Weiss ("Plaintiff" or "Weiss" or "Lender"), by and through his undersigned attorneys, hereby brings this civil action against Defendants B. Tuckey Devlin and Devlin Development, Inc. ("Defendants") and in support of his causes of action set forth below, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff loaned $500,000.00 (the "loan") in April 2007 to Defendant Devlin Development, Inc. ("Defendant Corporation") and Todo-Caribe Development Corporation ("Todo-Caribe"). The loan was to be a short-term bridge loan and was to be used to facilitate the development of a mixed-use beach resort project in Cabarete, Dominican Republic. The president of Devlin Development, B. Tuckey Devlin ("Defendant Devlin"), and the president of Todo-Caribe, Evan H. Berger, executed a promissory note in connection with which each personally guaranteed the loan and agreed to pay back the loan amount with specified interest to Plaintiff no later than June 15, 2007. Despite years of attempts by Plaintiff to obtain re-payment of his loan, Defendants never repaid the loan and thereby breached the terms of the promissory note and guaranty and the loan and subscription agreement.

2. Plaintiff brings claims for recovery on a promissory note or guaranty, breach of contract, and breach of implied covenant of good faith and fair dealing. Plaintiff seeks damages in excess of one million dollars.

## Parties

3. Plaintiff Melvyn I. Weiss is an individual who resides in the State of Florida.

4. Defendant Devlin is an individual who resides in St. Croix, U.S. Virgin Islands.

5. The Defendant Devlin Development, Inc. is a New York corporation and its principal place of business is in New York, New York. Defendant Devlin is the president of Devlin Development, Inc.

## Jurisdiction and Venue

6. Federal diversity jurisdiction exists in this Court under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states, and because the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant Devlin, pursuant to New York's long-arm statute, CPLR § 302, because he transacted business within New York and Plaintiff's causes of action arose out of the subject matter of the transacted business. Defendant Devlin transacted business in this forum by negotiating and signing the promissory note and loan and subscription agreement underlying Plaintiff's claims. Defendant Devlin also maintains a business address at 450 Fashion Avenue, New York, New York 10123. This Court has personal jurisdiction over Devlin Development, Inc. pursuant to CPLR § 301, or alternatively, under CPLR § 302, as the company was incorporated in, and does business within, New York.

8. This Court has personal jurisdiction over Defendant Corporation and venue in this Court exists by virtue of an agreement between the parties, set forth in the parties' loan and subscription agreement and promissory note, in which Defendant Corporation consented that this Court would have personal and subject matter jurisdiction over it, that venue in this Court would be proper, and that the Defendant Corporation's obligations and the Plaintiff's rights would be governed by New York law and not be subject to any defense.

### FACTUAL ALLEGATIONS

10. Under a loan and subscription agreement and a promissory note, both dated and executed April 5, 2007, Plaintiff loaned $500,000.00 to Devlin Development, Inc. and Todo-Caribe Development Corporation (the "Borrowers").

11. The terms of the loan and subscription agreement provided that upon the execution of the loan and subscription agreement, Plaintiff would by wire transfer deposit $500,000.00 into the Borrowers' account, and that the loan would be based upon the terms and conditions in the promissory note. On or about April 12, 2007, Plaintiff deposited the loan proceeds in accordance with Borrowers' instructions.

12. Under the terms of the promissory note, the loan had an annual rate of interest of twelve percent (12%) for the period from April 5, 2007 through June 15, 2007. The promissory note was executed on behalf of Defendant Corporation and Todo-Caribe by their respective presidents, Defendant Devlin and Evan H. Berger, and was also separately executed and "payment personally and individually guaranteed" by Defendant Devlin and Mr. Berger.

13. The loan was secured by a 100% interest in five completed condominium units at the La Mariposa resort in Cabarete, Dominican Republic. The units are identified as C-103, D-

101, B-102, D-104, and A-102 ("the properties").

14. The terms of the promissory note and the loan and subscription agreement required that the loan be repaid within two business days of the Borrowers' receipt of proceeds through a loan from the Virgin Islands Council for Sustainable Economic Development ("VISED loan") or "upon the VISED loan closing," but in any event no later than June 15, 2007. The purpose of the loan was to allow the Borrowers to make payments against the properties and to pay for expenditures in connection with satisfying the conditions of the VISED loan.

15. The promissory note was immediately due and payable if the Borrowers failed to pay any outstanding amounts within ten days of the maturity date (defined as the "VISED Loan Closing"). The loan and subscription agreement defined the "VISED Loan Closing" as the closing of that loan or before May 31, 2007. If payment of the principal amount of the loan made by Plaintiff was not made upon maturity, then interest accrued on such unpaid amount from the maturity date at an annual rate, computed as simple interest, of eighteen percent (18%) per annum.

16. The promissory note expressly provided that the Borrowers waived "presentment, demand, notice of dishonor, protest, and notice of protest."

17. The loan was not repaid according to the terms of the promissory note, or at all. Although the VISED loan was scheduled to close on or before May 31, 2007, it never closed or occurred. The loan made by Plaintiff became due by, and was defaulted upon by the Borrowers, by June 15, 2007, under the terms of the promissory note.

18. After several years of written and oral communications by which Plaintiff sought repayment of his principal and interest, on or about August 5, 2011, Plaintiff sent to the

Borrowers a letter and proposed confession of judgment, requesting anew repayment of the loan with the interest due. The Borrowers never responded to that request.

19. After several more attempts at obtaining repayment of the loan, Plaintiff sent to Mr. Berger on or about May 17, 2013 a proposed Affidavit and Confession of Judgment which, among other things, would confess judgment and authorize its entry against the Defendant Devlin, Defendant Corporation, Todo-Caribe and Evan Berger, jointly and severally, in the sum of $1,057,752.72. Pursuant to this communication, Plaintiff requested that Mr. Berger forward the proposed Affidavit and Confession of Judgment to Defendant Devlin for his execution of the Affidavit. Additionally, Plaintiff sent the documents directly to Defendant Devlin's post office address in Kingshill, St. Croix, U.S. Virgin Islands.

20. On or about May 29, 2013, Defendant Devlin, through counsel, finally contacted Plaintiff's counsel in response to the requested Affidavit and Confession of Judgment.

21. Shortly thereafter, on or about May 31, 2013 and again on June 4, 2013, Defendant Devlin personally contacted Plaintiff's counsel in regard to the requested Affidavit and Confession of Judgment. Communications between the parties continued to ensue, through their respective counsel, through and including June 14, 2013. As of the date hereof, however, Defendant Devlin has declined to confess judgment.

22. In the meantime, by signature and affidavit dated May 31, 2013, Evan Berger, on behalf of himself and Todo-Caribe, did confess to a judgment with respect to the loan in the amount $1,057,752.72, representing the principal and interest due and owing to Plaintiff as of that date pursuant to the promissory note.

23. As of the date hereof, the amount due on the loan, with interest, is $1,064,593.24,

enforceable, jointly and severally, against the Defendant Corporation and Defendant Devlin.

24. As of the date hereof, the Defendants have not tendered payment to the Plaintiff for the amount of money and interest owed on the loan.

## CAUSES OF ACTION

### COUNT I

#### RECOVERY ON PROMISSORY NOTE OR GUARANTY

25. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

26. The Borrowers executed a promissory note, in which they jointly promised to repay Plaintiff the $500,000.00 he loaned them, with interest, by June 15, 2007. The Defendant Devlin executed the promissory note on behalf of the Defendant Corporation, and separately executed the promissory note and personally guaranteed it in his individual capacity. Evan H. Berger similarly executed the promissory note on behalf of Todo-Caribe Development Corporation, and also executed the promissory note and personally guaranteed it in his individual capacity.

27. The promissory note is a valid guaranty, in writing and duly executed, that guarantees payment of the debt owed by Defendants, and describes with precision the obligations to which Defendants are bound. The obligation of repayment of the loan was unconditional and unequivocal, and the liability of the Defendants is joint and several.

28. Consideration for the guaranty is expressly or impliedly stated in the instrument, in that the Borrowers executed the promissory note in exchange for the "Value Received" from

Plaintiff, namely, the $500,000.00 that he loaned the Borrowers. The promissory note was delivered to, and accepted by, the guarantors (the Borrowers) through their execution of the note.

29. The Borrowers defaulted on the promissory note by failing to repay Plaintiff the loan amount with the interest due on or by June 15, 2007, causing damages to Plaintiff in the .

30. Defendants waived their right to request that a demand or presentment or notice of dishonor be made before repaying the loan under the terms of the promissory note. In any event, Plaintiff's August 5, 2011 letter to the Borrowers, requesting repayment and proposing a confession of judgment, constitutes an adequate demand.

31 As a result of Defendants conduct alleged herein, Plaintiff has been injured in an amount of no less than $1,064,593.24.

## COUNT II

### BREACH OF CONTRACT

27. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

28. Plaintiff and the Borrowers entered into a valid contract in the form of the promissory note and the loan and subscription agreement through which Plaintiff loaned the Borrowers $500,000.00 with interest. The Defendant Devlin and Mr. Berger executed the loan and subscription agreement and promissory note on behalf of their respective companies, and also executed the promissory note and personally guaranteed it in their individual capacities.

29. Plaintiff performed his obligations in accordance with the terms of the promissory note between the parties by loaning the Borrowers the $500,000.00 amount.

30. Defendants failed to perform, and breached, their obligations under the

promissory note and loan and subscription agreement by failing, in violation of the terms of the promissory note and loan and subscription agreement, to pay Plaintiff by June 15, 2007 or later, the amount of principal and interest owed to Plaintiff.

31.     Plaintiff has incurred damages in an amount of no less than $1,064,593.24 as the result of Defendants' failure to perform their obligations under the promissory note and loan and subscription agreement between the parties.

## COUNT III

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

32.     Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

33.     This is a claim against Defendants for breach of the implied covenant of good faith and fair dealing arising from Defendants' conduct in failing to performing as required by the promissory note and loan and subscription agreement described herein.

34.     Implied in these agreements were covenants that the parties would deal with each other honestly and in good faith, and would not engage in conduct to deprive the other of the benefits of the agreements.

35.     Defendants, however, have failed to perform their obligations in good faith and in a fair manner. Specifically, Defendants have breached the implied covenant of good faith and fair dealing by failing to failing to comply with the terms of the parties' agreements and failing to deal with Plaintiff in an honest, ethical, and forthright manner.

36.     Defendants' conduct has deprived and will continue to deprive Plaintiff of the benefits of the agreements described herein.

37. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and will continue to suffer monetary damages in an amount of no less than $1,064,593.24.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

    a. awarding damages (including compensatory and punitive damages) against Defendants, together with pre-judgment interest at the maximum rate allowable by law;

    b. awarding Plaintiff the costs and disbursements of this action, including reasonable allowances for Plaintiff's attorneys' fees and expenses; and

    c. granting such other or further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff Demands a trial by jury on all issues.

Dated: June 14, 2013

                                       SEEGER WEISS LLP

                            By: _____
                                  Christopher A. Seeger
                                  Diogenes P. Kekatos
                                  James A. O'Brien
                                  77 Water Street
                                  New York, NY 10005
                                  Phone: (212) 584-0700
                                  Facsimile: (212) 584-0799
                                  cseeger@seegerweiss.com
                                  dkekatos@seegerweiss.com
                                  jobrien@seegerweiss.com

                                  Attorneys for Plaintiff